PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (*pro hac vice* forthcoming)
Joshua S. Levy (*pro hac vice* forthcoming)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>Reorganized Debtor. | Chapter 11<br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST and PATRICK DAUGHERTY,<br>Appellants,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:25-cv-01876-K |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:25-cv-02072-S |

| | |
|---|---|
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:26-cv-02315-X |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:26-cv-02496-D |

**HIGHLAND CAPITAL MANAGEMENT, L.P.**
**AND THE HIGHLAND CLAIMANT TRUST'S**
**MOTION TO CONSOLIDATE BANKRUPTCY APPEALS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................... 1

BACKGROUND ....................................................................................... 5

ARGUMENT ........................................................................................... 7

I. DUGABOY'S APPEAL OF THE BANKRUPTCY COURT'S DENIAL OF ITS RULE 60(b) MOTION IS CONSOLIDATED WITH THE RULE 9019 APPEAL AS A MATTER OF FIFTH CIRCUIT LAW. ....................................................................................... 7

II. THIS COURT SHOULD CONSOLIDATE THE APPEALS UNDER BANKRUPTCY RULE 8003(b)(2). ............................................................ 8

III. THIS COURT SHOULD CONSOLIDATE THE APPEALS UNDER RULE 42(a)(2)..................................................................................... 9

CONCLUSION ........................................................................................ 11

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Air Vent, Inc. v. Powermax Elec. Co., Ltd., Guangdong*,
2025 WL 2684328 (N.D. Tex. Sept. 5, 2025) ....................9, 10

*Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
2022 WL 2193000 (N.D. Tex. June 17, 2022) ....................7, 8

*Emmet v. McGuire*,
2010 WL 11541783 (N.D. Tex. Oct. 12, 2010) ....................3, 7

*Hall v. Hall*,
584 U.S. 59 (2018) ....................9

*Karaha Bodas Co., v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*,
2003 WL 21027134 (5th Cir. Mar. 5, 2003) ....................4, 6, 7

*Law Offices of Michael R. Nevarez v. Monge (In re Monge)*,
700 F. App’x 354 (5th Cir. 2017) ....................7

*Stancu v. Hyatt Corp./Hyatt Regency Dallas*,
791 F. App’x 446 (5th Cir. 2019) ....................9

**Rules**

Fed. R. Bankr. P. 7042 ....................8

Fed. R. Bankr. P. 8003(b)(1) ....................7

Fed. R. Bankr. P. 8003(b)(2) ....................4, 7

Fed. R. Bankr. P. 9014(c)(1) ....................8

Fed. R. Civ. P. 42(a) ....................8

**Other Authorities**

10A Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 7042.02 (16th ed. 2026) ....................9

10A Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 8003.09 (16th ed. 2026) ....................7, 8

Pursuant to Federal Rule of Bankruptcy Procedure 8003(b)(2), Federal Rule of Civil Procedure 42(a)(2), and Local Civil Rule 42.1, appellees Highland Capital Management, L.P. ("HCMLP") and the Highland Claimant Trust (together with HCMLP, "Highland"), by and through its undersigned counsel, hereby move for consolidation (the "Motion") of (1) *The Dugaboy Investment Trust et al. v. Highland Capital Management, L.P., et al.*, Case No. 3:25-cv-01876-K (N.D. Tex.) (the "Rule 9019 Appeal"), (2) *The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:25-cv-02072-S (N.D. Tex.) (the "Stay Appeal"), (3) *The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:26-cv-02315-X (N.D. Tex.) (the "Rule 60(b) Appeal"), and (4) *The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:26-cv-02496-D (N.D. Tex.) (the "Rule 59(e) Appeal"; together with the Rule 9019 Appeal, the Stay Appeal, and the Rule 60(b) Appeal, the "Appeals"). In support of its Motion, Highland states as follows:

**PRELIMINARY STATEMENT**

1. The Appeals should be consolidated because they all arise from the Bankruptcy Court's June 2025 approval of a settlement pursuant to Bankruptcy Rule 9019 (the "Rule 9019 Settlement"). The Dugaboy Investment Trust

("Dugaboy"), which is not a party to the settlement and has only a worthless,[1] contingent, and unvested interest in the Highland bankruptcy estate, objected. After extensive discovery and an all-day evidentiary hearing, the Bankruptcy Court overruled Dugaboy's objection and approved the Rule 9019 Settlement (the "Rule 9019 Order"). Dugaboy appealed the Rule 9019 Order to this Court, and the Rule 9019 Appeal is both fully briefed on the merits and the subject of a fully briefed motion to dismiss on Bankruptcy Code Section 363(m) statutory mootness grounds.[2] The Rule 9019 Appeal is currently administratively stayed, pending this Court's ruling on the motion to dismiss.[3]

2. In February 2026—nine months after entry of the Rule 9019 Order—Dugaboy filed in the Bankruptcy Court a motion to reconsider and/or vacate the Rule 9019 Order pursuant to Rule 60(b) (the "Rule 60(b) Motion"). The Bankruptcy Court authorized still further discovery, conducted a three-day evidentiary hearing,

---

[1] Dugaboy's allowed Class 11 interest sits behind over $300 million of outstanding Class 10 interests alone, not even including indemnification obligations. There is no possibility of the Class 10 interest holders being paid in full, and therefore there is also no possibility of Class 11 interest holders receiving any distributions from the estate.

[2] In addition to commencing the Rule 9019 Appeal, Dugaboy also moved the Bankruptcy Court to stay implementation of the Rule 9019 Order (the "Stay Motion"; Bankr. Dkt. No. 4326). After the Bankruptcy Court denied the Stay Motion, notwithstanding its pending Rule 9019 Appeal, Dugaboy launched the Stay Appeal. The Stay Appeal was itself stayed after Dugaboy moved to consolidate four appeals (the "Prior Motion to Consolidate"), only two of which were related. *See* Stay Appeal, Dkt. No. 18. This Court denied the Prior Motion to Consolidate (Rule 9019 Appeal, Dkt. No. 48), but the Stay Appeal remains stayed.

[3] (*See* Rule 9019 Appeal, Dkt. No. 66.)

and then denied the motion in a written decision on June 15, 2026 (the "Rule 60(b) Decision"). Then, on June 29, 2026, Dugaboy filed both a notice of appeal of the Rule 60(b) Decision and a motion pursuant to Rule 59(e) asking the Bankruptcy Court to reconsider the Rule 60(b) Decision based on alleged "manifest error" by the Bankruptcy Court (the "Rule 59(e) Motion"). On July 10, 2026, the Bankruptcy Court denied the Rule 59(e) Motion; by the express terms of Bankruptcy Rule 8002(b)(2), the notice of appeal of the Rule 60(b) Decision that Dugaboy filed alongside its Rule 59(e) Motion became effective immediately upon the Bankruptcy Court's denial of the Rule 59(e) Motion. Notwithstanding the dictates of Bankruptcy Rule 8002(b)(2) and its pending Rule 60(b) Appeal, Dugaboy also filed the Rule 59(e) Appeal appealing the denial of its motion to reconsider the already appealed denial of reconsideration of the Rule 9019 Order.

3. Accordingly, there are three Appeals before this Court challenging the very same underlying Rule 9019 Settlement—the Rule 9019 Appeal, the Rule 60(b) Appeal, and the Rule 59(e) Appeal—and yet another related appeal arising from the Rule 9019 Order—the Stay Appeal. Dugaboy's scattershot, procedural maneuvers are clearly designed to create chaos and delay its reckoning on appeal; these related Appeals should be consolidated.

4. For starters, the Rule 60(b) Appeal should be consolidated with the Rule 9019 Appeal as a matter of Fifth Circuit law. Because the Bankruptcy Court

determined that "the 60(b) motion is without merit, 'the appeal from the denial is consolidated with the appeal from the underlying order.'" *Emmet v. McGuire*, 2010 WL 11541783, at *3 (N.D. Tex. Oct. 12, 2010) (quoting *Karaha Bodas Co., v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 (5th Cir. Mar. 5, 2003)).

5. This Court should also consolidate the Appeals under Bankruptcy Rule 8003(b)(2), which permits "the district court" to "join or consolidate the appeals" where there are "separately filed timely notices of appeal," and/or Rule 42(a)(2), which permits this Court to "consolidate the actions" before it that "involve a common question of law or fact." Consolidation is particularly appropriate here because ***all of the Appeals arise from the same Rule 9019 Order***, three of which are direct challenges to that Order. Consolidation will therefore maximize judicial economy, conserve the parties' resources, and avoid inconsistent rulings by ensuring that all factual and legal issues regarding the Rule 9019 Settlement are decided by the same court at the same time. Further, this Court will first rule on the pending motion to dismiss the Rule 9019 Appeal on statutory mootness grounds. If the Court denies that motion and lifts the administrative stay of the appeal, it should then consider the merits of the Appeals on a consolidated basis.

**BACKGROUND**

6. On May 19, 2025, the Hunter Mountain Investment Trust ("HMIT") and certain related entities, on the one hand, and Highland and certain related entities, on the other hand, entered into the Rule 9019 Settlement to, among other things, resolve HMIT's pending litigation. (Bankr. Dkt. No. 4216.)[4] That same day, Highland moved for bankruptcy court approval of the settlement pursuant to Bankruptcy Rule 9019. (*Id.*) On June 9, 2025, Dugaboy objected to the proposed Rule 9019 Settlement. (Bankr. Dkt. No. 4230.) Dugaboy took discovery from Highland and HMIT in connection with its objection, including document discovery and depositions. (Bankr. Dkt. No. 4280 Exs. 2–57; Bankr. Dkt. Nos. 4243–45, 4259.) On June 25, 2025, the Bankruptcy Court held an all-day evidentiary hearing regarding approval of the Rule 9019 Settlement and the objections thereto. (Bankr. Dkt. No. 4513.) On June 30, 2025, the Bankruptcy Court overruled the objections and approved the Rule 9019 Settlement in the Rule 9019 Order. (Bankr. Dkt. No. 4297.)

7. On July 14, 2025, Dugaboy filed a notice of appeal of the Rule 9019 Order, which was assigned to Judge Kinkeade. (Bankr. Dkt. No. 4311.) Dugaboy's

---

[4] References to "Bankr. Dkt." refer to the docket in the underlying bankruptcy case, *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.).

appeal and Highland's motion to dismiss that appeal are fully briefed and pending before Judge Kinkeade. (Rule 9019 Appeal Dkt. Nos. 21, 31, 36, 66.)

8. On July 17, 2025, Dugaboy filed the Stay Motion. Days later, the Bankruptcy Court denied the Stay Motion in a 16-page decision. (Bankr. Dkt. No. 4333.) Dugaboy then commenced the Stay Appeal.

9. On February 9, 2026, Dugaboy filed the Rule 60(b) Motion. Highland opposed. (Bankr. Dkt. No. 4535.) In May 2026, the Bankruptcy Court held a three-day evidentiary hearing on Dugaboy's Rule 60(b) Motion. (Bankr. Dkt. Nos. 4546, 4630, 4637, 4674.) On June 15, 2026, the Bankruptcy Court denied Dugaboy's Rule 60(b) Motion. (Bankr. Dkt. Nos. 4678–79). On June 29, 2026, Dugaboy filed both a notice of appeal of the Rule 60(b) Decision (Bankr. Dkt. No. 4685)[5] and the Rule 59(e) Motion. On July 10, 2026, the Bankruptcy Court denied Dugaboy's Rule 59(e) Motion (Bankr. Dkt. No. 4689), rendering Dugaboy's notice of appeal assigned to Judge Starr's Court effective under Bankruptcy Rule 8002(b)(2).

[5] After the Rule 60(b) Appeal was docketed, Highland promptly moved this Court to have it designated as "related to" the Rule 9019 Appeal in the expectation that it would be transferred to Judge Kinkeade (who is overseeing the fully briefed Rule 9019 Appeal) (the "Related Motion"; (Rule 60(b) Appeal, Dkt. No. 2). Dugaboy inexplicably opposed the Related Motion (Rule 60(b) Appeal, Dkt. No. 3) and it remains *sub judice*. If this Motion to consolidate is granted, the Related Motion would be rendered moot.

## ARGUMENT

### I. DUGABOY'S APPEAL OF THE BANKRUPTCY COURT'S DENIAL OF ITS RULE 60(b) MOTION IS CONSOLIDATED WITH THE RULE 9019 APPEAL AS A MATTER OF FIFTH CIRCUIT LAW.

10. It is settled law that if a trial court denies "a Rule 60(b) motion for relief from a judgment filed while that judgment is on appeal," then "the appeal from the denial is consolidated with the appeal from the underlying order." *Karaha*, 2003 WL 21027134, at *4 (collecting cases); *see also id.* at *5 ("If the district court finds the Rule 60(b) motion meritless, the appeal from that denial can be consolidated with this appeal."); *id.* ("If the district court decides that the Rule 60(b) motion should be denied, the district court can do so without disturbing appellate jurisdiction over the underlying judgment, permitting the appeal from the denial of the Rule 60(b) Motion to be consolidated with the underlying appeal.").

11. Here, the Bankruptcy Court denied Dugaboy's Rule 60(b) Motion seeking to reopen the Rule 9019 Order while Dugaboy's appeal of the Rule 9019 Order was pending before Judge Kinkeade. (*See supra* at ¶¶ 7, 9.) Dugaboy's Rule 60(b) Appeal should therefore be consolidated with its Rule 9019 Appeal as a matter of law. *See Karaha*, 2003 WL 21027134, at *4–5; *Emmet*, 2010 WL 11541783, at *3.

## II. THIS COURT SHOULD CONSOLIDATE THE APPEALS UNDER BANKRUPTCY RULE 8003(b)(2).

12. Under Bankruptcy Rule 8003(b)(2), "[w]hen parties have separately filed timely notices of appeal" from "a bankruptcy court's judgment, order, or decree," then "the district court or BAP may join or consolidate the appeals." Fed. R. Bankr. P. 8003(b)(1), (2). "Whether to consolidate bankruptcy appeals is left to the district court's discretion." *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 2022 WL 2193000, at *3 (N.D. Tex. June 17, 2022) (citing *Law Offices of Michael R. Nevarez v. Monge (In re Monge)*, 700 F. App'x 354, 355 (5th Cir. 2017)). "In most cases, the goal of fostering judicial economy is served by placing all related issues before the court at one time." 10A Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 8003.09 & n.2 (16th ed. 2026) ("Collier on Bankruptcy") (collecting cases); *see also Charitable DAF*, 2022 WL 2193000, at *3–4 (consolidating appeals of bankruptcy court dismissal order and stay order in this bankruptcy case).

13. Here, "judicial economy is served by consolidating these two appeals under Federal Rule of Bankruptcy Procedure 8003(b)(2)," because "[t]hese appeals involve the same parties in the same [contested matter]" challenging the same Rule 9019 Settlement. *Charitable DAF*, 2022 WL 2193000, at *4.[6] Consolidation is

[6] Patrick Daugherty is also a party to the Rule 9019 Appeal but not the Rule 60(b) Appeal. However, Dugaboy and Highland are parties to both Appeals.

particularly appropriate where, as here, "a party files an appeal from an order resolving a post-judgment motion after final judgment has been appealed." Collier on Bankruptcy ¶ 8003.09 & n.4 (collecting cases).

## III. THIS COURT SHOULD CONSOLIDATE THE APPEALS UNDER RULE 42(a)(2).

14. Under Bankruptcy Rules 7042 and 9014(c)(1), Rule 42 applies to adversary proceedings and contested matters in bankruptcy actions. Fed. R. Bankr. P. 7042, 9014(c)(1). Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). In considering whether to consolidate, judges in this district consider several factors, including but not limited to:

> (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately.

*Air Vent, Inc. v. Powermax Elec. Co., Ltd., Guangdong*, 2025 WL 2684328, at *1 (N.D. Tex. Sept. 5, 2025) (cleaned up; collecting cases). "Although Rule 42 is

permissive, judicial economy favors consolidating related actions." 10 Collier on Bankruptcy ¶ 7042.02. Accordingly, courts in this Circuit routinely consolidate actions under Rule 42(a). *See, e.g.*, *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, 791 F. App'x 446, 452 (5th Cir. 2019) (affirming consolidation under Rule 42(a)); *Air Vent*, 2025 WL 2684328, at *1–2 (consolidating actions under Rule 42(a)).

15. Here, all seven factors weigh strongly in favor of consolidation. ***First***, all of the Appeals are pending before the Northern District of Texas. ***Second***, Dugaboy and Highland are parties to each of the Appeals.

16. ***Third***, the Appeals necessarily involve common issues of law and fact because they challenge the exact same Rule 9019 Order (or, in the case of the Stay Appeal, arises from the same Rule 9019 Order).

17. ***Fourth***, because the Appeals challenge the same exact Rule 9019 Order, there is no risk of prejudice or confusion from consolidation.

18. ***Finally***, as to the remaining factors, consolidation will result in substantial efficiencies that will conserve judicial resources, reduce expenses, and avoid any unfair advantage. The motion to dismiss the Rule 9019 Appeal is fully briefed, but Judge Kinkeade has not yet issued a decision. By consolidating the Appeals before Judge Kinkeade, Judge Kinkeade can issue a single decision addressing all of the Appeals, which will also result in a single appeal to the Fifth Circuit with one set of briefs and one oral argument. By contrast, in the absence of

consolidation, there will be four decisions and inevitably four separate appeals to the Fifth Circuit with four sets of briefs and four arguments. This will be an inefficient waste of both judicial and the parties' resources and will give Dugaboy an unfair advantage by permitting it multiple bites at the apple to challenge the same exact Rule 9019 Order. Thus, "the relevant factors strongly favor consolidation" under Rule 42(a). *Air Vent*, 2025 WL 2684328, at *2.

## CONCLUSION

WHEREFORE, Highland respectfully requests that this Court enter an order (i) consolidating the Appeals before Judge Kinkeade, and (ii) granting Highland such additional relief as may be just and proper.

Dated: August 28, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**WILLKIE FARR & GALLAGHER LLP**

Mark T. Stancil
(*pro hac vice* forthcoming)
Joshua S. Levy
(*pro hac vice* forthcoming)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on August 25, 2026, John A. Morris, counsel for Highland, corresponded with Michael Edney and Michael Gaddis, counsel for Dugaboy, regarding the relief requested in the foregoing Motion. On August 28, 2026, Mr. Edney stated that Dugaboy is **OPPOSED** to the relief requested in the Motion.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 2,534 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type of footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2026, a true and correct copy of the foregoing Motion was served electronically via the Court's CM/ECF system upon all parties receiving electronic notice in this case.

*/s/ Zachery Z. Annable*
Zachery Z. Annable